UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL DANIEL CHEBETAR,                           Case No. 12-10359

               Plaintiff,                  David M. Lawson
v.                                              United States District Judge

RAYMOND J. WOJTOWICZ and                        Michael Hluchaniuk
PAUL J. PARUK,                                  United States Magistrate Judge

               Defendants.

_____/

**REPORT AND RECOMMENDATION
MOTION TO DISMISS (Dkt. 8) AND
MOTION FOR SUMMARY JUDGMENT (Dkt. 12)**

## I.   PROCEDURAL HISTORY

Plaintiff filed his complaint against two employees of Wayne County on January 27, 2012. (Dkt. 1). This matter was referred to the undersigned for all pretrial proceedings. (Dkt. 5). On February 29, 2012, defendant Wojtowicz filed a motion to dismiss. (Dkt. 8). Plaintiff filed a response on March 16, 2012. (Dkt. 13). Defendant filed a reply on March 28, 2012. (Dkt. 16). On March 14, 2012, defendant Paruk filed a motion for summary judgment. (Dkt. 12). Finally, on April 5, 2012, plaintiff filed a response to the motion for summary judgment. (Dkt. 17). These matters are now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that

defendants' motions be **GRANTED** and that plaintiff's complaint be

**DISMISSED** with prejudice.

## II.   FACTUAL BACKGROUND

According to the complaint, plaintiff was improperly evicted from his home

based on false statements made by defendant Wojtowicz regarding unpaid tax bills

in his father's name.  Plaintiff claims that the property was improperly sold at

auction based on the unpaid taxes, which was fraudulent.  Plaintiff further claims

that defendant Paruk (the state district judge who presided over the eviction

proceeding), allowed perjured testimony, and both defendants engaged in a

"larceny by conversion."  Plaintiff asks for the return of his real property and

$1,000,000 in punitive damages.

As set forth in the Register of Actions for the state court proceedings, the

summons and complaint was filed on February 2, 2011.  (Dkt. 12-2, Pg ID 56; 12-

2, Pg ID 57-58).  A judgment of possession entered on December 14, 2011,

advising plaintiff of his appeal rights.  (Dkt. 12-2, Pg ID 59).  An order of eviction

entered on December 28, 2011.  (Dkt. 12-3, Pg ID 61).

## III.   ANALYSIS AND CONCLUSION

A.   <u>Standard of Review</u>

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the

plaintiff has the burden of proving jurisdiction in order to survive the motion."

*Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Further, a district court may "resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Id.* Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie*, 15 F.3d at 598. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

The Sixth Circuit adheres to the standard of review for Rule 12(b)(1) motions explained in *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977):

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff

is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations he or she would be unable to prevail. In the interests of judicial economy it is not improper to dispose of the claim at that stage....

The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. **Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist**.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.

1996) (emphasis added), quoting *Mortensen*, 549 F.2d at 890-891.

Report and Recommendation
Motion to Dismiss/Motion for Summary Judgment
*Chebetar v. Wojtowicz*; Case No. 12-10359

2:12-cv-10359-DML-MJH   Doc # 19   Filed 06/04/12   Pg 5 of 12   Pg ID 109

B.     _Rooker-Feldman_

The _Rooker-Feldman_[1] doctrine prohibits federal courts, other than the

United States Supreme Court, from exercising "appellate jurisdiction over the

decisions and/or proceedings of state courts, including claims that are 'inextricably

intertwined' with issues decided in state court proceedings." _Executive Arts_

_Studio, Inc. v. City of Grand Rapids_, 391 F.3d 783, 793 (6th Cir. 2004) (citations

omitted).  Recently, the Supreme Court explained that the _Rooker-Feldman_

doctrine "is confined to cases of the kind from which the doctrine acquired its

name: cases brought by state-court losers complaining of injuries caused by

state-court judgments ... and inviting district court review and rejection of those

judgments." _Exxon Mobil Corp. v. Saudi Basic Indus. Corp._, 544 U.S. 280, 284

(2005).

This case is remarkably similar to other cases dismissed in this District on

the basis of the _Rooker-Feldman_ doctrine.  _See e.g._, _Nassar El v. Smith_, 2012 WL

313985 (E.D. Mich. 2012), citing _Anderson v. County of Wayne_, 2011 WL

2470467, at *4-5 (E.D. Mich. June 2011) (finding that the _Rooker-Feldman_

doctrine barred the plaintiff's challenge to adverse rulings in a state court tax

foreclosure suit); _Vuaai El v. Mortgage Electronic Registry System_, 2009 WL

---

[1] The _Rooker-Feldman_ doctrine is named for _Rooker v. Fidelity Trust Co._,
263 U.S. 413 (1923) and _District of Columbia Court of Appeals v. Feldman_, 460
U.S. 462 (1983).

Report and Recommendation
Motion to Dismiss/Motion for Summary Judgment
_Chebetar v. Wojtowicz_; Case No. 12-10359

2705819, at *8-9 (E.D. Mich. 2009) (dismissing on *Rooker-Feldman* grounds a challenge to a judgment of possession issued in state court eviction proceedings).

The *Rooker-Feldman* doctrine primarily bars claims that seek relief from injury caused by the state court judgment. *Hamilton v. Herr*, 540 F.3d 367, 372 (6th Cir. 2008) (internal quotation marks and citations omitted). Because "[a]ny party aggrieved by the determination or judgment of [a summary proceeding] may appeal to the circuit court of the same county," Mich. Comp. Laws § 600.5753, the undersigned is convinced that plaintiff would have had appellate standing to challenge the possession judgment. Pursuant to Michigan Court Rule 4.201,[2] plaintiff had 10 days to file a motion to set aside the judgment or an appeal, which was enumerated in the possession judgment. In lieu of appealing the possession judgment, plaintiff impermissibly filed the present action. *See e.g.*, *Sewell v. Clean Cut Mgmt.*, *Inc.*, 463 Mich 569, 621 N.W.2d 222 (2001) (Consent judgment in summary proceedings and writ of restitution allowing a landlord to remove tenant from premises barred tenant's claim for relief, based on allegations that she was wrongfully evicted, where tenant's claim was actually litigated in summary

---

[2] M.C.R. 4.201 governs with respect to summary proceedings to recover possession of premises. M.C.R. 4.201(N) provides the procedural requirements for appealing a possessory judgment. In part, the appeal must comply with the applicable court rules controlling the general appeal process (M.C.R. 7.101, 7.102, 7.103), be filed within 10 days after the entry of the judgment, and, if not waived, be accompanied with the appropriate bond requirements. M.C.R. 4.201(N)(1)-(4).

proceeding and she did not appeal consent judgment or writ.).

Just as in *Nassar El*, plaintiff's claims rest on the premise that the state tax foreclosure and landlord-tenant proceeding were faulty or incorrectly decided. As noted by Judge Rosen in *Nassar El*, under such circumstances, if plaintiff were dissatisfied with the results of the state court proceedings, his recourse was to file an appeal in the Michigan appellate courts, not a claim in the federal district court. Under such circumstances, *Rooker-Feldman* bars plaintiff from, in effect, seeking to "appeal" the adverse state court ruling in federal court. Thus, plaintiff's claims should be dismissed on this basis.

C.    *Res Judicata*

Just as in *Anderson v. County of Wayne*, 2011 WL 3438337, *6 (E.D. Mich. 2011), even assuming that plaintiff's claims are not barred by *Rooker-Feldman*, they would be barred by principles of *res judicata*. That is, plaintiff's claims could have been brought in the Michigan state court proceeding and this Court must give the same preclusive effect to the state court judgment as another Michigan court would give to that judgment. *Id*. citing *Exxon-Mobil*, 544 U.S. at 293. "Michigan has adopted a broad application of the doctrine of *res judicata* which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not." *Luckett v. U.S. Bank Nat'l Ass'n*, 2009 WL 22858, at

Report and Recommendation
Motion to Dismiss/Motion for Summary Judgment
*Chebetar v. Wojtowicz*; Case No. 12-10359

*4 (E.D. Mich. 2009).  The test for determining preclusive effect is whether the
same facts or evidence are crucial to prove the two claims, not whether the bases
for relief are the same.  *Anderson*, at *6, citing *Sewell v. Clean Cut Mgmt.*, 463
Mich. 569, 574; 621 N.W.2d 222 (2001) (holding that a state district court
judgment issued in a summary possession proceeding is conclusive on the issue of
whether the eviction was proper); *Givens v. Homecomings Financial*, 278
Fed.Appx. 607, 609 (6th Cir. 2008) (upholding district court's dismissal of
plaintiff's complaint which sought to effectively appeal the state court order
granting possession to JP Morgan, finding plaintiff's claims barred by the doctrine
of *res judicata* because they could have been resolved in the state court
proceeding).  The claims presented involve the same facts that were necessary to a
determination of the state court action.  Plainly, plaintiff had an opportunity to
make these arguments in state court.  Plaintiff is, therefore, barred by principles of
*res judicata* from making these claims in this Court.

     D.    <u>Tax Injunction Act</u>

     As explained in *Anderson*, even if *res judicata* and the *Rooker-Feldman*
doctrine do not mandate dismissal, defendants' motion should still be granted
pursuant to the Tax Injunction Act (TIA).  Under the TIA, "district courts shall not
enjoin, suspend or restrain the assessment, levy or collection of any tax under State
law where a plain, speedy and efficient remedy may be had in the courts of such

8

State." 28 U.S.C. § 1341. This statute represents the fundamental principle of comity between state and federal governments. *Anderson*, at \*6, citing *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 378 (6th Cir. 1993). "This exclusion of federal courts from the state taxation area is so far reaching it precludes federal courts from declaring state tax laws unconstitutional." *Id*. Even though § 1341 only specifically refers to injunctions, it also bars declaratory actions and suits seeking damages under 42 U.S.C. § 1983. *Id*. The Sixth Circuit has held that the TIA bars claims challenging the manner in which tax foreclosures are carried out. *Anderson*, at \*7, citing *Dixon v. Oisten*, 62 Fed.Appx. 105, 105 (6th Cir. 2003); *Johnson v. Mich. Dep't of Treasury*, 2000 WL 571916, at \*2 (6th Cir. 2000). As Judge Borman explained in *Anderson*, the "TIA prohibits this Court from interfering with Michigan state tax disputes unless there is no remedy available under state law." Just as in *Anderson*, plaintiff had several options: he could have (1) paid his delinquent taxes; (2) participated in the public auctions; or (3) challenged the foreclosure ruling in state court. Because such remedies were available under Michigan state law, the TIA bars plaintiff's attempt to bring this action in federal court. *Anderson*, at \*7.

     E.    <u>Judicial Immunity</u>

Judge Paruk also asserts that plaintiff's claims are barred by absolute judicial immunity. Judges enjoy absolute immunity from federal suits for damages

arising from acts they performed in their judicial capacities. *Nassar El*, at *2, citing, *Stern v. Mascio*, 262 F.3d 600, 606-07 (6th Cir. 2001); *Kircher v. City of Ypsilianti*, 458 F.Supp.2d 439, 446 (E.D. Mich. 2006).  Although such immunity does not extend to "nonjudicial actions" or actions "taken in the complete absence of all jurisdiction," *Stern*, 262 F.3d at 607 (internal quotation marks and citation omitted), nothing in plaintiff's complaint suggests that his claims against Judge Paruk fit within either of these two limited exceptions to absolute judicial immunity.  Rather, the complaint's allegations concerning Judge Paruk "rest solely and exclusively upon actions [he] allegedly took and rulings [he] issued in the course of the state court proceeding, acts that plainly were undertaken in a judicial capacity."  *See Nassar El*, at *2.  Thus, plaintiff's claims against Judge Paruk should also be dismissed on this basis.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motions be **GRANTED** and plaintiff's complaint **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 4, 2012                              s/Michael Hluchaniuk
                                                Michael Hluchaniuk
                                                United States Magistrate Judge

Report and Recommendation
Motion to Dismiss/Motion for Summary Judgment
*Chebetar v. Wojtowicz*; Case No. 12-10359

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 4, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Richard G. Stanley and Michael E. Rosati</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Paul Daniel Chebetar, 2384 Goodson, Hamtramck, MI 48213</u>.

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Motion to Dismiss/Motion for Summary Judgment
*Chebetar v. Wojtowicz*; Case No. 12-10359
