UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL DANIEL CHEBETAR,

        Plaintiff,                              Case Number 12-10359

v.                                            Honorable David M. Lawson
                                              Magistrate Judge Michael J. Hluchaniuk

RAYMOND J. WOJTOWICZ and
PAUL J. PARUK,

        Defendants.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT, AND DISMISSING COMPLAINT

The plaintiff, Paul Daniel Chebetar, filed a complaint in this Court seeking relief from a judgment of eviction entered by state district court judge Paul Paruk after Wayne County Treasurer Raymond J. Wojtowicz foreclosed on the residential property because of unpaid property taxes. Paruk and Wojtowicz are the named defendants. The plaintiff alleges that the property, which he apparently inherited from his father, had "clear title" since 1972 and the plaintiff himself never received a tax bill in is own name. He says that the foreclosure was improper and the judgment of eviction was the product of fraud and collusion by Treasurer Wojtowicz and acceptance of perjured testimony in court by Judge Paruk.

The Court referred this case to Magistrate Judge Michael J. Hluchaniuk for pretrial management. Thereafter, defendant Wojtowicz filed a motion to dismiss and defendant Paruk filed a motion for summary judgment. On June 4, 2012, Judge Hluchaniuk filed a report recommending that the defendants' motions be granted and the case dismissed because (1) the *Rooker-Feldman* doctrine bars the action, since the complaint essentially seeks relief from a state court judgment; (2) the plaintiff's claims are barred by the doctrine of claim preclusion, also known as *res judicata*,

because the issues raised here could have been raised in the state court eviction proceeding that was determined against the plaintiff; (3) the Tax Injunction Act, 28 U.S.C. § 1341, prevents this Court from overturning or interfering with the efforts of the State or its political subdivisions from collecting property taxes; and (4) the claim against Judge Paruk is barred by absolute judicial immunity. The plaintiff filed timely objections and the matter is before the Court for fresh review.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. *Ibid.* The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1987).

The Court has reviewed plaintiff's objections. Nothing in the objections convinces the Court that the magistrate judge erred in his recommendation. The thrust of the plaintiff's objections is that the magistrate judge incorrectly decided the motions. He repeats his allegations that there were no delinquent taxes owing on the property, no tax bill was ever issued to him in his name, the state

court remedies suggested by the magistrate judge would not satisfy the plaintiff, the doctrine of *res judicata* does not apply because the name of the party in the state court eviction case (presumably the previous property owner, perhaps his deceased father) and the present plaintiff are not the same, the Tax Injunction Act does not apply, and the state court judgment was based on perjured testimony. The objections repeat the allegations in the complaint, albeit with added passion and vitriol. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The Court has reviewed all the filings, agrees with the magistrate judge's conclusions, and adopts them as its own. The magistrate judge did not err in his recommendation. The State offered a forum in which the plaintiff could have aired his present complaints, and the federal courts are not the place to seek review of adverse state court judgments. Moreover, a careful review of the plaintiff's filings reveals no allegation that the taxes were current on the property at the time of the foreclosure or eviction. The plaintiff claims an ownership interest in the property, but he says he never received a tax bill *in his own name*. In fact, in his objections, the plaintiff acknowledges that "[h]ad plaintiff simply paid bill issued to previous owner, plaintiff would have been left alone." Obj. at 5. That statement suggests that the plaintiff had knowledge of the tax obligation on the property, he chose to ignore it because the tax bill came in the name of his deceased father, and his argument that therefore no taxes were delinquent (or perhaps the notice of delinquent taxes was somehow defective) was either rejected by or not presented to the state courts. The magistrate judge was correct in concluding that the plaintiff is not entitled to relief in this Court.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #19] is **ADOPTED**, and the plaintiff's objections [dkt. #20] are **OVERRULED**.

It is further **ORDERED** that the motion to dismiss by defendant Raymond J. Wojtowicz [dkt. #8] is **GRANTED**.

It is further **ORDERED** that the motion for summary judgment by defendant Paul Paruk [dkt. #12] is **GRANTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
Dated:   August 24, 2012                United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 24, 2012.

                                    s/Deborah R. Tofil
                                    DEBORAH R. TOFIL